**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**SANDERSON FARMS, INC.
AND SANDERSON FARMS, INC.
(Processing Division)**

**VS.**                                                  **CIVIL ACTION NO. 2:12cv165-KS-MTP**

**SOUTHEAST LABORERS' DISTRICT
COUNCIL ON BEHALF OF LABORERS'
LOCAL UNION NO. 693, ET AL.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This cause is before the Court on Plaintiffs' Motion to Remand [3], and

the Court considering the motion, response, the pleadings and applicable law herein finds that

the motion should be **sustained** for the hereinafter stated reasons.

## I. BACKGROUND

The Plaintiffs, Sanderson Farms, Inc., and Sanderson Farms, Inc., (Processing Division)

(hereinafter "Sanderson") operate poultry processing plants in Collins and Hazlehurst,

Mississippi and at least some of the workers in these facilities are represented by Southeast

Laborers' District Council on behalf of Laborers' Local Union No. 693 and Laborers'

International Union of North America Local Union No. 693 (hereinafter referred to as "The

Union").

The Union has two representatives, Frank McLaurin and Sherri Jones, who are officers of

the Union and are routinely on Sanderson's premises as part of their duties as employees and/or

officers of the Union. Sanderson alleges that beginning in early 2011 and continuing through

sometime in 2012, that McLaurin and Jones acting individually and as employees of the Union,

made malicious statements and took actions that were maliciously calculated and intended to cause injury to Sanderson. The gravamen of the First Amended Complaint is that one or more of the Defendants committed a number of intentional torts, with the malicious intent to "damage Sanderson's business, its reputation, employee relationships and standing in the community."

The original Complaint was filed in the Circuit Court of Jones County, Mississippi, on August 10 of 2012, and the First Amended Complaint on August 28, 2012. This action was removed by all Defendants on September 19, 2012, alleging that the removal was appropriate under 28 U.S.C. § 1331 and 29 U.S.C. § 185.

## II. STANDARD OF REVIEW

A party may remove an action from state court to this court if the action could have originally been filed here. 28 U.S.C. § 1441(a). This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citing cases). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citing *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

---

[1] Defendants have asserted that removal was proper because the court possessed original jurisdiction pursuant to 28 U.S.C. § 1337, which provides that the court has "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce...." 28 U.S.C. § 1337(a). "There is no distinction ... between the 'arising under' requirements for § 1337 and § 1331." *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 772 n. 2 (5th Cir. 2003) (quoting *Richardson v. United Steelworkers of America,* 864 F.2d 1162, 1168 n. 6 (5th Cir. 1989)).

"Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint."  *Elam v. Kan. City S. Ry.,* 635 F.3d 796, 803 (5th Cir. 2011).

However, "[a]n exception to the well-pleaded complaint rule arises when Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.*  (quoting *Gutierrez,* 543 F.3d at 252).  Therefore, "[u]nder the 'complete preemption' doctrine, 'what otherwise appears as merely a state law claim is converted to a claim 'arising under' federal law for jurisdictional purposes because the federal statute so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *Id.* (quoting *New Orleans & Gulf Coast R. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008).

### III.  DISCUSSION

The Union, McLaurin and Jones in their opposition to Motion to Remand [22] accept their burden on removal and admit that the First Amended Complaint alleges only four separate Mississippi tort claims.  However, Movants claim that a closer review of the allegations in the context of the National Labor Relations Act ("NLRA") and the parties' collective bargaining agreements reveals that Sanderson's actions involve substantial questions of federal law. Movants claim that it is not possible to adjudicate the tort claims outside of the context of the NLRA because the Collective Bargaining Agreement ("CBA") sets forth certain rights and obligations that the Movants have in representing the workers and that the acts complained of by Sanderson came about as a result of Movants fulfilling their contractual and representational duties.

3

Sanderson counters the position of Movants by arguing that their well-pleaded Complaint is totally devoid of any federal claims and consists of totally state tort claims and that even if it is necessary to interpret some part of the CBA, that it is only ancillary and does not require the court to investigate the merits of the actions involving federal law.[2]

The law is clear that Plaintiffs' state law causes of action are not automatically preempted by the NLRA or the Labor Management Relations Act ("LMRA").  Section 301(a) of the NLRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.  29 U.S.C. §185(a) (emphasis added).

However, preemption occurs only when resolution of a state law claim depends upon the meaning of the CBA, "or when resolution of the state law claim is 'inextricably intertwined with consideration of the terms of the labor contract.'" *Owen v Carpenters District Counsel*, 161 F.3d 767, 773 (4th Cir. 1998) (citing *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405-406, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988) and *Allis-Chalmers Corp. v Lueck*, 471 U.S. 202, 213, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985)).

The Respondents' position is that McLaurin and/or Jones were merely acting in their positions to insure the health and safety of the union members. However, at page 3 of Respondent's Opposition to Motion to Remand [22], they state:

---

[2] Some of Sanderson's causes of action involve complaints made to OSHA and USDA by Defendants and the Union seems to argue that in order to defend Sanderson's claims that it will be necessary for the court to interpret OSHA and USDA complaint procedures.

4

In relevant part, each of the collective bargain agreements state:

> The company shall maintain safe, sanitary, and healthy working conditions at all times, and employees will be required to cooperate in maintaining such conditions.  Any complaints regarding the safety or health <u>shall</u> be processed through the grievance and arbitration provisions of the Agreement. (Emphasis added).

The complaints made by Sanderson allege matters that are far removed from the grievance and arbitration provisions involved.  The facts set forth in the well pleaded complaint clearly set out a case that is not preempted.  "[N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement is pre-empted by § 301 or other provisions of the federal labor law." *Allis-Chalmers,* 471 U.S. 202, 211.

The state tort claims are independent actions and are clearly set out in the well-pleaded complaint.

## IV.  CONCLUSION

For the reasons stated above, the Court holds that the Motion to Remand is well-taken and this case shall be remanded to the Circuit Court of Jones County. Mississippi.

SO ORDERED AND ADJUDGED on this, the 8th day of February, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE